**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**BENJAMIN BURRIS and**                                                   **PLAINTIFFS**
**ELIZABETH GOHL**

**v.**                   **CASE NO. 4:14CV00319 BSM**

**DONNA F. COBB, et al.**                                                         **DEFENDANTS**

**ORDER**

This involves claims by a dentist against the state board that supervises the practice of dentistry, and it hinges on conflicts rooted in the interpretation of the state law regulating the licensing of dentists and the practice of dentistry. It appears that the state courts of Arkansas can address the dispute at issue without the need of federal intervention and that the state's interests in retaining control over and addressing this local problem outweighs the federal interest in adjudicating certain federal rights. Consequently, this case is dismissed without prejudice because abstention, pursuant to the *Pullman* abstention doctrine, is appropriate.

I. BACKGROUND

The Arkansas Dental Practices Act ("ADPA"), Ark. Code Ann. § 17-82-301 *et.seq.*, regulates the licensing of dentists and the practice of dentistry in the state of Arkansas and is enforced by the Arkansas State Board of Dental Examiners ("Board"). Ark. Code Ann. § 17-82-301(a)(1). The statute specifically provides that a dentist who receives a specialty license "must limit his or her practice to the specialty in which he or she is licensed except in an emergency situation." Ark. Code Ann. § 17-82-305(g)(2). The specialty license can

be revoked if a dentist fails to comply with this provision. Ark. Code Ann. § 17-82-305(g)(3).

Plaintiff Benjamin Burris is a licensed dentist who has an orthodontic specialty license. He owns two corporations that operate eleven orthodontic offices across the state. In June 2013, Dr. Burris began providing teeth-cleaning services to non-orthodontic patients in his Jonesboro office, and eventually expanded this service to four other offices. Soon thereafter, the Board received a number of complaints that he was practicing outside of his orthodontic specialty in violation of the ADPA.

The Board notified Dr. Burris of the complaints; however, Dr. Burris continued to clean teeth throughout the summer of 2013. The Board met with Dr. Burris in September of 2013, and informed him that his dental and orthodontic licenses would be in jeopardy if he continued to offer stand-alone dental hygiene services.

Dr. Burris suspended the teeth-cleaning program following his meeting with the board, and, on November 4, 2013, signed a Consent Order with the Board in which he formally agreed to cease the stand-alone teeth-cleaning at his orthodontic offices. The consent order was entered pursuant to the Arkansas Administrative Procedures Act ("AAPA"), which allows for an informal disposition of a contested case by "stipulation, settlement, consent order, or default." Ark. Code Ann. § 25-15-208(b).

Dr. Burris is suing the Board's executive director and the board members alleging that the Board has deprived him (and all specialists similarly situated) of equal protection of the law, substantive due process, and the privileges or immunities of citizenship. He seeks a declaration that specific provisions of the ADPA are unconstitutional as applied to him and

others similarly situated, as well as permanent injunctions against all defendants from prohibiting enforcement of ADPA.

Plaintiff Elizabeth Gohl was a licensed dentist who had an orthodontic specialty license. Since she has passed away, her involvement will not be discussed, but the conclusions reached apply to any claims she or her estate may have.

## II.  STANDARD

Federal courts have a "virtually unflagging obligation" to exercise their jurisdiction in proper cases. *Beavers v. Arkansas State Bd. Of Dental Examiners*, 151 F.3d 836, 840 (8th Cir. 1998). The Supreme Court has, however, identified certain circumstances in which federal courts may abstain and refuse to decide cases in order to preserve traditional principles of comity and federalism. *See, e.g., Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941). Federal courts have the power to dismiss and remand a case when a state's interests in retaining control over and addressing an "essentially local problem" outweigh federal interests in adjudicating certain federal rights. *Id.* Further, the appropriateness of abstention may be raised *sua sponte*, since the practice of abstention is equitable in nature. *Robinson v. City of Omaha*, 866 F.2d 1042, 1043 (8th Cir. 1989).

## III.  DISCUSSION

Abstention, pursuant to the *Pullman* abstention doctrine, is appropriate and this case is dismissed without prejudice. Under the *Pullman* doctrine, abstention counsels restraint "when the case involves a potentially controlling issue of state law that is unclear, and the decision of the issue by the state courts could avoid or materially alter the need for a decision on federal constitutional grounds." *Robinson*, 866 F.2d at 1043.

*Pullman* abstention requires consideration of: (1) the effect abstention would have on the rights to be protected by considering the nature of both the right and necessary remedy; (2) available state remedies; (3) whether the challenged state law is unclear; (4) whether the challenged state law is fairly susceptible to an interpretation that would avoid any federal constitutional question; and (5) whether abstention will avoid unnecessary federal interference with state operations. *Beavers*, 151 F.3d at 841. Moreover, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication. *Harman v. Forssenius*, 380 U.S. 528, 534 (1965). The paradigm abstention case, therefore, arises when the challenged state statute is susceptible to a construction by the state courts that would avoid or modify the federal constitutional question. *Beavers*, 151 F.3d at 841.

Dismissal is appropriate because the issues involve the interpretation of state law, which is susceptible to an interpretation that would avoid any federal constitutional question. The Arkansas courts may fairly determine that the Board exceeded its statutory authority in promulgating the rules and regulations of the ADPA, or that Dr. Burris was qualified to carry out the practices at issue, thereby obviating the federal constitutional inquiries. Moreover, the AAPA expressly permits challenges to state rules and regulations in the circuit courts of Arkansas. *See* Ark. Code Ann. § 25-15-212(b). Dr. Burris, therefore, has an adequate state remedy available to him.

Dismissal without prejudice will not affect the rights Dr. Burris seeks to protect and will avoid unnecessary federal involvement in state operations. Finally, the state has an

important local interest in regulating the licensing of dentists and the practice of dentistry. Abstention is thus favored so that uncertain state law can be addressed in a state forum.

## IV.  CONCLUSION

For the reasons set forth above, this case is dismissed without prejudice.

IT IS SO ORDERED this 6th day of November 2014.

_____
UNITED STATES DISTRICT JUDGE